UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

PATRICIA PALACIOS, and other similarly )
situated individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
ST. TROPEZ II, LLC; ST. TROPEZ )
CONDOMINIUM I ASSOCIATION, INC.; )
ST. TROPEZ CONDOMINIUM II )
ASSOCIATION, INC.; ST. TROPEZ )
CONDOMINIUM III ASSOCIATION, INC.; )
ALL THAT SPARKLES JANITORIAL )
SERVICES, INC.; and ROSARIO )
MARTINEZ, )
 )
        Defendants. )
_____)

## **COMPLAINT**

Plaintiff PATRICIA PALACIOS ("Plaintiff") and other similarly situated individuals sue Defendants ST. TROPEZ II, LLC; ST. TROPEZ CONDOMINIUM I ASSOCIATION, INC.; ST. TROPEZ CONDOMINIUM II ASSOCIATION, INC.; ST. TROPEZ CONDOMINIUM III ASSOCIATION, INC.; ALL THAT SPARKLES JANITORIAL SERVICES, INC.; and ROSARIO MARTINEZ (collectively, "Defendants") and allege:

## **NATURE OF THE ACTION**

1. This is an action to recover money damages for unpaid overtime and retaliation under the laws of the United States. This action also involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (the "FMLA").[1]

## JURISDICTION

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the "FLSA"); 28 U.S.C. §1331; 28 U.S.C. § 1343(3) and (4); and 28 U.S.C. § 2617.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered in Miami-Dade County.

## PARTIES

4. Plaintiff is a resident of Miami- Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

5. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A); and an "employee" as defined by the FLSA, 29 U.S.C. § 203(e).

6. Defendants ST. TROPEZ II, LLC; ST. TROPEZ CONDOMINIUM I ASSOCIATION, INC.; ST. TROPEZ CONDOMINIUM II ASSOCIATION, INC.; ST. TROPEZ CONDOMINIUM III ASSOCIATION, INC.; ALL THAT SPARKLES JANITORIAL SERVICES, INC. (collectively, the "Corporate Defendants") and ROSARIO MARTINEZ (the

---

[1] Plaintiff will file a charge of discrimination for sex and disability discrimination and retaliation against Defendants. She will move to amend this complaint once the EEOC issues its Notice of Right to Sue..

"Individual Defendant" or "Martinez") are Florida companies and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, and at all times material hereto were and are engaged in interstate commerce. Martinez, upon information and belief, resides in Miami-Dade County, Florida.

7. At all times material, Defendants were "employers" as defined by the FLSA, 29 U.S.C. § 203(d) and the FMLA, 29 U.S.C. § 2611(4).

8. Defendants are joint employers, an integrated enterprise, or each one of them separately is an "employer" under the FLSA and the FMLA. There is an arrangement between Defendants as to the work Plaintiff was to perform at the St. Tropez in Miami-Dade County, Florida. Specifically, Defendant ALL THAT SPARKLES JANITORIAL SERVICES, INC. ("Sparkles"), a staffing company, was hired to provide housekeeping services at the St. Tropez in Miami-Dade County, Florida, and in turn Sparkles contracted with Plaintiff to provide these services. Plaintiff provided housekeeping services at the St. Tropez under the direction, supervision, and control of Sparkles and of the other Co-Defendants (the "St. Tropez Defendants").

9. Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are under the common control of both companies.

## GENERAL ALLEGATIONS

10. At all times material, Defendants employed Plaintiff. Plaintiff was employed as a housekeeper and worked on average approximately 60 hours per week. For her time, she was paid approximately $8.50 per hour and was never paid time and one half for the overtime she worked. In or about November of 2018, Plaintiff complained to Defendants that she was not getting paid overtime.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

3

11. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

12. At all times relevant, Plaintiff's daughter lived in Colombia and was diagnosed with a serious illness.

13. Plaintiff informed Defendants that her daughter was seriously ill and that she needed to take leave to care for her.

14. Defendants failed to provide Plaintiff with any FMLA paperwork prior to her leave and failed to tell Plaintiff that she was or may be entitled to FMLA leave.

15. On or about November 18, 2018, Plaintiff went to Colombia to care for her seriously ill daughter.

16. At all times relevant, Plaintiff kept Defendants informed of her daughter's medical condition.

17. On or about November 21, 2018, Plaintiff's daughter passed away and Defendants knew it.

18. On or about February 2, 2019, Plaintiff returned to Florida.

19. On or about February 10, 2019, Plaintiff returned to work for Defendants.

20. Defendants failed to provide Plaintiff with any FMLA paperwork upon her return from leave.

21. On or about February 17, 2019, Plaintiff informed her supervisor, Nicolas Gonzalez ("Gonzalez"), that she had a hemorrhage impairing her physical abilities.

22. On or about February 17, 2019, Plaintiff learned that the hemorrhage formed because she was pregnant, but that she subsequently suffered a miscarriage. Plaintiff informed Defendants that she needed to take leave to recover.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180            Facsimile: 888.270.5549

4

23. On or about February 25, 2019, Plaintiff asked Defendants when she should return to work. Defendants did not respond.

24. On or about February 27, 2019, Gonzalez told Martinez that if Plaintiff did not return to work on February 25, 2019, then she "no longer had a job."

25. Defendants thereafter terminated Plaintiff's employment.

26. Defendants allege that Plaintiff was terminated because she did not greet the President of the building's Association. However, this was clearly pretextual and simply an attempt to embarrass and humiliate Plaintiff.

## COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS (UNPAID OVERTIME)

27. Plaintiff repeats and re-alleges paragraphs 1-11 as if fully stated herein.

28. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operated as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

5

transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

30. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise or enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the FLSA applies. The Corporate Defendants, through their business activities, affect interstate commerce. Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a housekeeper for the Corporate Defendants' business.

31. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 42.5 - 60 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was employed as a housekeeper, performing the same or similar duties as that of those other similarly situated housekeepers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

32. Plaintiff worked for the Corporate Defendants from approximately December 21, 2017, through February 25, 2019. In total, Plaintiff worked approximately 62 compensable weeks under the FLSA, or 62 compensable weeks if counted 3 years back from the date of the filing of the instant action.

33. The Corporate Defendants paid Plaintiff on average approximately $8.50 per hour.

34. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

35. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years preceding the date of the filing of this Complaint.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

|  | CALCULATION - HOURLY |
|---|---|
| **START DATE FOR COMPENSABLE WEEKS** | 12/21/2017 |
| **END DATE FOR COMPENSABLE WEEKS** | 2/25/2019 |
| **TOTAL COMPENSABLE WEEKS** | 61.57142857 |
| **HOURLY RATE** | $ 8.50 |
| **HOURS WORKED** | 60 |
| **OVERTIME RATE** | $ 4.25 |
| **OVERTIME HOURS WORKED** | 20 |
| **OVERTIME (ACTUAL DAMAGES)** | $ 5,233.57 |
| **OVERTIME (LIQUIDATED DAMAGES)** | $ 5,233.57 |
| **TOTAL DAMAGES** | $ 10,467.14 |

37. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

38. The Corporate Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and

those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39.     The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

40.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY
## ROSARIO MARTINEZ (OVERTIME)

41. Plaintiff repeats and re-alleges paragraphs 1-11 as if fully stated herein.

42. At all times material hereto, the Individual Defendant was, and is now, the owner, director and/or a high-ranking officer of Sparkles. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the FLSA in that the Individual Defendant acted directly or indirectly in the interests of Sparkles in relation to the employees of Sparkles, including Plaintiff and others similarly situated. The Individual Defendant had operational control of Sparkles, was involved in the day-to-day functions of Sparkles, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

43. The Individual Defendant is and was, at all times relevant, a person in control of Sparkles' financial affairs and could cause Sparkles to compensate (or not to compensate) its employees in accordance with the FLSA.

44. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Individual Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and,

E.  Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: FMLA INTERFERENCE

46. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

47. At all times material, Plaintiff was employed by Defendants and an "eligible employee" entitled to leave under the FMLA.

48. Plaintiff's daughter was diagnosed with a serious illness.

49. Plaintiff informed Defendants of her daughter's serious illness and that she needed to take leave to care for her.

50. Defendants failed to provide Plaintiff with any FMLA paperwork and failed to advise Plaintiff of her right to take leave under the FMLA.

51. Plaintiff took leave to care for her seriously ill daughter.

52. Plaintiff gave proper notice to Defendants by informing them of her daughter's medical condition. Plaintiff provided enough information for Defendants to know that her leave may be covered by the FMLA.

53. Plaintiff communicated with Defendants regarding her inability to return to work because she had to care for her daughter.

54. Defendants were aware that Plaintiff was unable to work because she had to care for her daughter.

55. Despite their knowledge of Plaintiff's daughter's medical condition, Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

56. Instead of informing Plaintiff of her rights, Defendants terminated Plaintiff. Defendants interfered with Plaintiff FMLA's rights in three different occasions: (a) when Defendants failed to provide Plaintiff with FMLA paperwork; (b) when Defendants failed to inform Plaintiff of her FMLA rights; (c) and when Defendants terminated Plaintiff.

57. Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

58. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendants for their violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendants' conduct;

D. Award Plaintiff prejudgment interest on any damages award;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff any further relief pursuant to the FMLA; and,

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

12

  G. Grant Plaintiff such other and further relief, as deemed equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT IV- VIOLATION OF THE FMLA – RETALIATION

  59. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

  60. Plaintiff's daughter's medical condition was sufficiently severe that Plaintiff was eligible to take leave pursuant to the FMLA.

  61. Plaintiff provided enough information for Defendants to know that her leave may be covered by the FMLA.

  62. Defendants terminated Plaintiff shortly after she took leave, which should have been designated as FMLA leave, or because she attempted to take FMLA leave.

  63. Defendants terminated Plaintiff because she took leave, which should have been designated as FMLA leave, or because she attempted to take FMLA leave. Alternatively, the fact that Plaintiff took leave, which should have been designated as FMLA leave, or because she attempted to take FMLA leave, was a motivating factor that caused Plaintiff's termination.

  64. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendants for their violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C.  Award Plaintiff liquidated damages based on Defendants' conduct;

D.  Order reinstatement;

E.  Award Plaintiff prejudgment interest on any damages award;

F.  Award Plaintiff reasonable costs and attorney's fees;

G.  Award Plaintiff any further relief pursuant to the FMLA; and,

H.  Grant Plaintiff such other and further relief, as deemed equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT V: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST DEFENDANTS

65. Plaintiff repeats and re-alleges paragraphs 1-11 as if fully stated herein.

66. Defendants willfully and intentionally refused to pay Plaintiff her legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

67. Section 206(a)(3) of the FLSA states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

68. Plaintiff complained about her unpaid overtime wages to Defendants on multiple occasions, but Defendants never addressed her grievances.

69. Shortly after complaining about her unpaid overtime wages, Defendants terminated Plaintiff's employment.

70. The motivating factors, which caused Plaintiff's discharge as described above, were the complaints seeking the payment of overtime wages from Defendants. Alternatively, Plaintiff would not have been fired but for her complaints about unpaid overtime wages.

71. Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Honorable Court:

A. Enter a judgment against Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs; and,

B. Order reinstatement and promotion and injunctive relief prohibiting Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: June 18, 2019.                    Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 640166
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180            Facsimile: 888.270.5549

15